```
1
                    UNITED STATES DISTRICT COURT
2                      DISTRICT OF NEW JERSEY
                     Civil Action No. 08-1294
3                                              RECEIVED
4
                                               DEC 1 2 2008
5   _____
    In Regard to the Matter of:                         M
6                                              WILLIAM T. WALSH
    Bayside State Prison                          CLERK
7   Litigation                           OPINION/REPORT
                                              OF THE
8   LEROY JONES                          SPECIAL MASTER
                -vs-
9
    WILLIAM H. FAUVER, et al,
10
                Defendants.
11  _____

12

13

14

15                    *      *      *      *

16           TUESDAY, NOVEMBER 18, 2008

17                    *      *      *      *

18

19

20

21  BEFORE THE HONORABLE JOHN W. BISSELL, SPECIAL MASTER

22

23

24

25
```

1

2          Transcript of proceedings in the above

3   matter taken by Theresa O. Mastroianni, Certified

4   Court Reporter, license number 30X100085700, and

5   Notary Public of the State of New Jersey at the

6   United States District Court House, One Gerry Plaza,

7   Camden, New Jersey, 08102, commencing at 2:05 PM.

8

9

10

11

12

13

14

15

16          **MASTROIANNI & FORMAROLI, INC.**

17      **Certified Court Reporting & Videoconferencing**

18             **251 South White Horse Pike**

19             **Audubon, New Jersey 08106**

20                  **856-546-1100**

21

22

23

24

25

```
 1

 2    A P P E A R A N C E S:

 3

 4

 5         ROSELLI & GRIEGEL, PC
           BY:  JAMES LAZZARO ESQUIRE
 6         1337 STATE HIGHWAY 33
           HAMILTON SQUARE, NEW JERSEY  08690
 7         609-586-2257
           ATTORNEYS FOR THE DEFENDANTS
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                JUDGE BISSELL:  I'm now reopening
 2   proceedings in the case of LeRoy Jones, Junior.
 3   Docket number 08-1294.
 4                This opinion/report is being issued
 5   pursuant to the directives of Order of Reference to a
 6   Special Master and the Special Master's Agreement and
 7   the guiding principles of law which underlie this
 8   decision to be applied to the facts upon which it is
 9   based as set forth in the jury instructions in the
10   Walker and Mejias jury charges to the extent
11   applicable to the allegations of Mr. Jones.
12                As finalized after review under Local
13   Civil Rule 52.1, this transcript will constitute the
14   written report required under paragraph seven of the
15   Order of Reference to a Special Master.
16                Mr. Jones' is a case where, considering
17   the evidence as a whole, it just does not establish a
18   readily discernible picture of what might have
19   occurred to him.  This is really, truly a case
20   offailure to discharge the burden of proof.
21                Mr. Jones was in the tents.  The
22   description of the events which transpired that
23   allegedly affected him including an alleged assault
24   and injury upon him, as found at pages 86 through 92
25   of the transcript of October 1, 2008, sounds like a
```

1   classical description of the activities of a SOG
2   unit. "Turn to face the wall", "face in the pillow",
3   lots of noise, lots of banging around, rough
4   treatment at the hands of the SOGs in the area in
5   question, pulled out on the platform floor in the
6   tent area which is what their flooring was and the
7   like.
8              And to his credit, however, he did
9   indicate that he wasn't sure whether these were SOG
10  officers or not who came in there.
11             Now, the tent area, often called PRU,
12  is basically a transition area where inmates come in
13  and are kept there briefly before their assignment to
14  other units, usually to either one of the units
15  themselves as it's sometimes been called "behind the
16  wall" or to a trailer, also pretty much a medium
17  security facility.
18             We've had evidence throughout here of
19  the fact that SOG officers went to the tents and,
20  indeed, occasionally cleared the tents for purposes
21  of inspection, as best I can recall. However, in
22  this case, Mr. Jones didn't even arrive at Bayside
23  Prison until the 23rd of September, 1997. The
24  lockdown was over, the SOG officers had gone. The
25  tent area is an open area. The level of security and

1  the ability to control inmates on the unit if
2  problems arise is not particularly high.  With some
3  rare exceptions, I have found it unlikely that
4  corrections officers assigned to Bayside, those who
5  presumably would continue their assignments in the
6  tent area, would perpetrate these types of attacks on
7  either Mr. Jones or others in the tent population.
8  They have no reason to deliver a message as to who is
9  boss because the people in those tents aren't going
10 to be in that area for very long.  Furthermore, they
11 have every incentive to keep things under reasonable
12 control and in a non-confrontational non-antagonistic
13 mode.  And that certainly isn't promoted by this type
14 of activity, at least as Mr. Jones described it.
15                There are also other areas of
16 inconsistency and lack of specifics in his
17 recollection including problems about the time frame
18 involved.  Essentially what he has done here is
19 transport what might have been considered a SOG-like
20 activity regarding the entry into the tents in this
21 fashion over to a time period when they couldn't have
22 been there.  Moreover, I find that he's failed to
23 establish that Unit corrections officers assigned to
24 Bayside either did or would have acted in this way.
25                Finally, although not every item of

1   evidence has been discussed in this opinion/report,
2   all evidence presented to the Special Master was
3   reviewed and considered.
4           For the reasons set forth above, I
5   recommend in this report that the district court
6   enter an order and judgment of no cause for action
7   with regard to LeRoy Jones.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1                    C E R T I F I C A T E

 2

 3         I, Theresa O. Mastroianni, a Notary Public and

 4   Certified Shorthand Reporter of the State of New

 5   Jersey, do hereby certify that the foregoing is a

 6   true and accurate transcript of the testimony as

 7   taken stenographically by and before me at the time,

 8   place, and on the date hereinbefore set forth.

 9         I DO FURTHER CERTIFY that I am neither a

10   relative nor employee nor attorney nor counsel of any

11   of the parties to this action, and that I am neither

12   a relative nor employee of such attorney or counsel,

13   and that I am not financially interested in the

14   action.

15

16

17

18
                   _____
19                 Theresa O. Mastroianni, C.S.R.
                   Notary Public, State of New Jersey
20                 My Commission Expires May 5, 2010
                   Certificate No. XI0857
21                 Date: November 18, 2008

22

23

24

25
```